2009 JUN -9 A 9:49

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Sim Chestnut, #320818, | ) | C/A No. 9:09-1419-RBH-BM |
| | ) | |
| Petitioner, | ) | |
| | ) | Report and Recommendation |
| vs. | ) | |
| | ) | |
| Gregory Knowlin, Warden, | ) | |
| | ) | |
| Respondent | ) | |
| | ) | |

The petitioner, Sim Chestnut, proceeding *pro se*, brings this action pursuant to 28 U.S.C. § 2254 for habeas relief. Petitioner is an inmate at the Turbeville Correctional Institution, a facility of the South Carolina Department of Corrections (SCDC), and files this action *in forma pauperis* under 28 U.S.C. § 1915. Petitioner seeks to have his state conviction and sentence for "possession with intent to distribute cocaine, second offense" vacated, or that he be permitted to plead to a lesser charge. (Pet. at p.14)

Under established local procedure in this judicial district, a careful review has been made of the *pro se* petition pursuant to the procedural provisions of 28 U.S.C. § 1915, the Anti-Terrorism and Effective Death Penalty Act of 1996, Pub. L. 104-132, 110 Stat. 1214, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983). *Pro se* petitions are held to a less stringent standard than those drafted by attorneys, and a federal district court is charged with liberally construing a petition filed by a *pro se* litigant to allow the development of a potentially

meritorious case. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir.1978).

However, even when considered under this less stringent standard, the petition submitted in the above-captioned case is subject to summary dismissal, as the requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *See Weller v. Dep't of Social Servs.*, 901 F.2d 387 (4th Cir. 1990). Furthermore, even if the petitioner had paid the full filing fee, this Court is charged with screening the petitioner's lawsuit to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4 of Rules governing 2254 and Habeas Corpus cases.

## Discussion

This petition for a writ of habeas corpus under 28 U.S.C. § 2254 should be dismissed because the petitioner has not yet exhausted his state remedies. With respect to his conviction and sentence, the petitioner's sole federal remedies are a writ of habeas corpus under 28 U.S.C. § 2241 and/or a writ of habeas corpus under 28 U.S.C. § 2254, both of which can be sought only after the petitioner has exhausted his state court remedies.[1] *See* 28 U.S.C. § 2254(b); *Woodford v. Ngo*, 548 U.S. 81, 92 (2006) (noting that a "state prisoner is generally barred from obtaining federal habeas relief unless the prisoner has properly presented his or her claims through one 'complete round of the State's established appellate review process'"); *Braden v. 30th Jud. Cir. Ct.*, 410 U.S. 484, 490-491 (1973) (noting that exhaustion of available state remedies is required under 28 U.S.C. § 2241).

---

1) Exhaustion is statutorily required by 28 U.S.C. § 2254, while exhaustion of a petition brought pursuant to 28 U.S.C. § 2241 is a judicially created requirement.

2

Here, petitioner states in his Petition that on March 8, 2007, in the Horry County Court of General Sessions he was convicted by guilty plea of "possession with intent to distribute cocaine, second offense" and sentenced to five years imprisonment. (Pet. at p.1) He further explains that he filed a direct criminal appeal alleging "involuntary guilty plea", which was dismissed by the South Carolina Court of Appeals on March 3, 2009. (Pet. at p.13) However, petitioner states in several places on the face of his petition that he has not filed a post-conviction relief ("PCR") action in a state court.[2] (Pet. at pp. 3, 5, 7)

To exhaust state court remedies in South Carolina, a direct appeal may be pursued. *See State v. Northcutt*, 641 S.E.2d 873 (S.C. 2007). If a direct appeal was filed and is ultimately unsuccessful (or if no direct appeal was filed), a petitioner can then file an application for post-conviction relief in a court of common pleas.[3] *See* S.C. Code Ann § 17-27-10 *et seq.* (1976). *See also Miller v. Harvey*, 566 F.2d 879, 880-81 (4th Cir. 1977) (noting that South Carolina's Uniform Post-Conviction Procedure Act is a viable state court remedy). If a South Carolina prisoner's

---

2) From a search of the Horry County court records, it appears that the petitioner did file a PCR action on July 9, 2007, *prior* to the completion of his direct appeal. As such, it was dismissed on December 18, 2007. *See Chestnut v. State*, 2007-CP-26-04177. *See* Horry County Fifteenth Judicial Circuit Public Index Search, http://www.horrycounty.org/publicindex/PISearch.aspx?CourtType=G (insert "Chestnut, Sim") (last visited June 4, 2009).

The court may take judicial notice of factual information located in postings on government websites. *See In re Katrina Canal Breaches Consolidated Litigation*, No. 05-4182, 2008 WL 4185869 at * 2 (E.D. La. September 8, 2008) (noting that courts may take judicial notice of governmental websites including other courts' records); *Williams v. Long*, No. 07-3459-PWG, 2008 WL 4848362 at *7 (D. Md. November 7, 2008) (noting that some courts have found postings on government websites as inherently authentic or self-authenticating).

3) The claims of ineffective assistance of counsel asserted in this Petition need to first be exhausted through a state application for post conviction relief.

3

application for post-conviction relief is denied or dismissed by a court of common pleas, the petitioner can file a request for writ of certiorari with the South Carolina appellate courts. *See* S.C. Code Ann § 17-27-100 (1976); *Knight v. State*, 325 S.E.2d 535 (S.C. 1985). In fact, if a petitioner's application for post-conviction relief is denied by a court of common pleas, the petitioner must seek appellate review in the state courts or federal collateral review of the grounds raised in his application for post-conviction relief may be barred by a procedural default. *See Longworth v. Ozmint*, 377 F.3d 437, 448 (4th Cir. 2004) (finding that exhaustion requires state prisoners to complete at least one complete round of the state's established appellate review process by presenting the ground for relief in a face-up and square fashion).

Since the petitioner's direct appeal was dismissed on March 3, 2009, it appears that he may still timely file a PCR action in the Horry County Court of Common Pleas. *See* S.C. Code Ann. § 17-27-45(A) (1976) (a PCR application must be filed within one year after the sending of the remittitur to the lower court from an appeal or the filing of the final decision upon an appeal, whichever is later). In other words, at this point there does not appear to be the absence of available state corrective process. *See* Title 28 U.S.C. § 2254(b)(1)(B). Further, since this state remedy is still available, the United States District Court for the District of South Carolina should not keep this case on its docket while the petitioner is exhausting his state remedies.[4] *See Galloway v. Stephenson*, 510 F. Supp. 840, 846 (M.D.N.C. 1981) ("When state court remedies have not been exhausted, absent special circumstances, a federal habeas court may not retain the case on its docket, pending exhaustion, but should dismiss the petition.").

---

4) There are specific time limitations for filing a habeas action in this federal court pursuant to 28 U.S.C. § 2254. *See* 28 U.S.C. § 2244(d).



4

## Recommendation

Based on the foregoing, it is recommended that the above-captioned case should be dismissed *without prejudice* and *without requiring the respondent to file a return* because the petitioner has not yet exhausted his state court remedies. *See Eriline Co. S.A. v. Johnson*, 440 F.3d 648, 656 (4th Cir. 2006) (district courts are charged with the duty to independently screen initial filings and dismiss those actions that plainly lack merit without requesting an answer from the respondent); and the Anti-Terrorism and Effective Death Penalty Act of 1996, Pub. L. 104-132, 110 Stat. 1214.

Bristow Marchant
United States Magistrate Judge

June 8, 2009
Charleston, South Carolina

***The petitioner's attention is directed to the important notice on the next page.***

## Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> P. O. Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).



6