UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | | |
|---|---|---|
| Sim Chestnut, | ) | Civil Action No.: 9:09-cv-1419-RBH |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Gregory Knowlin, Warden; | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

This matter comes before the court with the Report and Recommendation [Docket Entry #8] of Magistrate Judge Bristow Marchant filed on June 9, 2009.[1]

Petitioner, proceeding *pro se,* brought this habeas corpus action pursuant to 28 U.S.C. § 2254. The Magistrate Judge recommended summary dismissal of Petitioner's petition for failure to exhaust state remedies. Petitioner filed objections to the Report and Recommendations of the Magistrate Judge on June 18, 2009.

**Standard of Review**

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The court is charged with making a *de novo* determination of those portions of the report and recommendation to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to him with instructions. 28 U.S.C. § 636(b)(1).

---

[1] This matter was referred to Magistrate Judge Marchant pursuant to 28 U.S.C. § 636(b)(1)(B), and Local Civil Rules 73.02(B)(2)(c) and (e).

The district court is obligated to conduct a *de novo* review of every portion of the Magistrate Judge's report to which objections have been filed. *Id*. However, the district court need not conduct a *de novo* review when a party makes only general and conclusory objections that do not direct the court to a specific error in the Magistrate Judge's proposed findings and recommendations. *Orpiano v. Johnson*, 687 F.2d 44, 47-48 (4th Cir. 1982).

## **Discussion**

Petitioner states in his petition that he pled guilty to possession with intent to distribute cocaine, second offense and was sentenced to five years imprisonment. Petitioner raises a general ineffective assistance of counsel claim and also claims that his guilty plea was rendered involuntary due to his counsel's lack of preparation. Although Petitioner filed a direct appeal of his conviction and sentence, Petitioner has not initiated state post-conviction procedures. As such, the Magistrate Judge recommended that this case be dismissed without prejudice while Petitioner exhausts his state court remedies.

Title 28 U.S.C. § 2254 provides in part that:

> (b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that--
>
>> (A) the applicant has exhausted the remedies available in the courts of the State; or
>>
>> (B)(i) there is an absence of available State corrective process; or
>> (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.
>
> (c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available

procedure, the question presented.

The petitioner bears the burden of proving exhaustion or an exception to the exhaustion requirement. *Breard v. Pruett*, 134 F.3d 615, 619 (4th Cir. 1998).

Having reviewed the record and applicable law, the court agrees with the recommendations of the Magistrate Judge and finds that the Magistrate Judge correctly applied the law to the facts of this case. In his objections, Petitioner mistakenly contends that filing a direct appeal of his conviction and sentence suffices to exhaust his state court remedies. However, pursuant to 28 U.S.C. § 2254(b) and (c), the ineffective assistance of counsel claims raised in the petition before the court should be presented to the South Carolina state courts via South Carolina's established post-conviction procedures before Petitioner seeks habeas corpus review in Federal court.[2]

### Conclusion

For the reasons stated above and by the Magistrate Judge, the court overrules Petitioner's objections and adopts and incorporates by reference the Report and Recommendation of the Magistrate Judge. This case is hereby **DISMISSED without prejudice** and without issuance and service of process.

**IT IS SO ORDERED**.

June 30, 2009                                                         s/ R. Bryan Harwell
Florence, South Carolina                                       R. Bryan Harwell
                                                                              United States District Judge

---

[2] Because Petitioner's direct appeal was dismissed on March 3, 2009, it appears that Petitioner can still file a timely post-conviction relief action in the Horry County Court of Common Pleas.